**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JULIANNE BURNS and CHRISTOPHER BURNS,**

                **Plaintiffs,**

                **v.**                 **6:12-CV-1741
                                                                           (FJS/DEP)**

**CITY OF UTICA; ARMOND FESTINE, individually and as City of Utica Assistant Corporation Counsel; LINDA FATATA, individually and as City of Utica Corporation Counsel; and MICHAEL KNAPP, individually and as a firefighter employed by the City of Utica Fire Department,**

                **Defendants.**

---

**APPEARANCES**                 **OF COUNSEL**

**OFFICE OF FRANK POLICELLI**       **FRANK POLICELLI, ESQ.**
10 Steuben Park
Utica, New York 13501
Attorneys for Plaintiffs

**OFFICE OF CORPORATION**       **JOHN P. ORILIO, ESQ.**
**COUNSEL - CITY OF UTICA**       **MARK C. CURLEY, ESQ.**
One Kennedy Plaza, 2nd Floor       **ZACHARY C. OREN, ESQ.**
Utica, New York 13502
Attorneys for Defendants
City of Utica, Festine, and Fatata

**GLEASON, DUNN, WALSH**       **RONALD G. DUNN, ESQ.**
**& O'SHEA**       **PETER N. SINCLAIR, ESQ.**
40 Beaver Street
Albany, New York 12207
Attorneys for Defendant Knapp

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Currently before the Court are Defendant Michael Knapp's motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction, *see* Dkt. No. 9-2, and Defendants City of Utica, Armond Festine and Linda Fatata's (collectively "Municipal Defendants") motion to dismiss for failure to state a claim, *see* Dkt. No. 12-5.

**II. BACKGROUND**

Since June 3, 2002, the City of Utica has employed Plaintiff Julianne Burns (hereinafter "Plaintiff") as a firefighter. *See* Dkt. No. 14, Amendment Complaint, at ¶ 10. Defendant Knapp is also a firefighter for the City of Utica. *See id.* at ¶ 8. Plaintiff alleges that Defendant Knapp sexually assaulted her in the spring of 2010. *See id.* at 12-13. After finding out about the incident, Plaintiff's friend and co-worker, Ryan Marchese, insisted she confront Defendant Knapp. *See id.* at ¶ 15. On September 5, 2010, with her husband's assistance, Plaintiff recorded a telephone conversation that she had with Defendant Knapp. *See id.* at ¶ 17. On September 8, 2010, Plaintiff filed a formal written complaint with her supervisor, Chief of the Fire Department, Russell Brooks ("Chief Brooks"). *See id.* at ¶¶ 18-19.

Defendant City of Utica determined that there was sufficient evidence to lodge a formal disciplinary charge against Defendant Knapp.[1] In addition to lodging the disciplinary charge, Chief Brooks suspended Defendant Knapp from September 17, 2010, to February 4, 2011, and

---

[1] Section 75 of New York Civil Service Law governs disciplinary charges against firefighters, except as modified by a Collective Bargaining Agreement ("CBA").

placed him on administrative leave, pending discipline, with pay.² The City's Office of Corporation Counsel conducted the subsequent investigation of the incident. *See* Dkt. No. 14 at ¶ 26. At the time of the investigation, Defendant Fatata was the Corporation Counsel for the City of Utica and Defendant Festine was Assistant Corporation Counsel for the City. *See id.* at ¶¶ 6-7. Andrew LaLonde was hired as a contracted Special Assistant Corporation Counsel. *See id.* at ¶ 7.

In the fall of 2010, Dr. Julia Grant, Ph.D., diagnosed Plaintiff as suffering from PTSD. *See id.* at ¶ 23. On October 12, 2010, Plaintiff applied for disability benefits pursuant to § 207(a) of New York General Municipal Law. *See id.* at ¶ 24. Subsequently, on January 26, 2011, Dr. Lawrence Farago, a qualified forensic psychiatrist, conducted an independent psychiatric evaluation of Plaintiff. *See* Dkt. No. 16-2 at 3. On February 15, 2011, Dr. Farago issued his report, concluding that Plaintiff did not suffer from PTSD and that she was fit to return to work. *See id.* Plaintiff returned to her regular duties as a firefighter.

On February 23, 2011, Plaintiff's claim for disability benefits under § 207(a) was denied. *See* Dkt. No. 12-3 at 3. Plaintiff made a timely demand pursuant to § 10 of the CBA to have an arbitrator review the denial of her disability benefits. Michael S. Lewandowski was selected as the arbitrator to review the denial of Plaintiff's § 207 benefits. On March 12, 2012, Mr. Lewandowski issued a 52-page opinion and award, upholding Defendant City of Utica's denial of § 207(a) benefits to Plaintiff, holding that the claim lacked merit. *See* Dkt. No. 12-3 at 52.

Ronald Kowalski presided at Defendant Knapp's disciplinary hearing. On March 31, 2012, Mr. Kowalski rendered an opinion and award in which he concluded that Defendant City

---

² The CBA prohibited suspending a firefighter without pay. *See* Dkt. No. 16-2 at 3.

of Utica had failed, by a preponderance of the evidence, to sustain the charges against Defendant Knapp. *See* Dkt. No. 24. Accordingly, Mr. Kowalski fully restored Defendant Knapp to his former position. *See id.*

Plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR"), in which she charged both Defendant Knapp and the Municipal Defendants with an unlawful discriminatory practice relating to employment because of sex in violation of New York Executive Law Article. 15 ("Human Rights Law"). On March 26, 2012, the NYSDHR determined that probable cause existed. *See id.* On May 7, 2012, Plaintiff requested a notice of a right to sue from the Equal Employment Opportunity Commission ("EEOC"), which she received on September 17, 2012. *See* Dkt. No. 14 at ¶ 47.

On August 10, 2012, Utica Mayor Robert M. Palmieri issued a memorandum, in which he directed Plaintiff to return to work. *See id.* at ¶ 45. In early September 2012, while working on the fire line, Plaintiff came into contact with Defendant Knapp a couple of times. *See id.* at ¶ 49. Plaintiff, both times, avoided direct contact and association with Defendant Knapp. On one occasion, the Deputy Chief drove her home. On the second occasion, the Deputy Chief directed her to leave the scene. *See id.*

In her amended complaint, Plaintiff asserts five federal causes of action and two state-law causes of action. In her first cause of action, she alleges disparate treatment on the basis of her gender in violation of Title VII of the Civil Rights Act ("Title VII") against all Defendants. *See* Dkt. No. 14 at ¶¶ 55-58. As a basis for this cause of action, Plaintiff contends that Defendant Knapp's sexual assault of or unwanted sexual advances toward her constitute sexual harassment and disparate treatment in violation of Title VII. *See id.* at ¶ 55. Plaintiff further implicates the

Municipal Defendants by asserting that they manipulated the subsequent investigation of the incident, thus aiding and abetting a cover up of Defendant Knapp's conduct. *See id.* Plaintiff argues that Defendants Fatata and Festine are officials with policy-making authority who subsequently supported unconstitutional conduct. *See id.* at ¶ 56. Finally, Plaintiff alleges that all subordinate officials of Defendant City of Utica and its fire department were also involved in sustaining such unjustified and unconstitutional conduct. *See id.* at ¶ 57.

In her second cause of action, pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated her constitutional rights. *See id.* at ¶¶ 60-64. Plaintiff contends that Defendant Knapp and the Municipal Defendants engaged in reckless, intentional and unjustified conduct under color of state law. *See id.* at ¶¶ 60-61. Although confusing, Plaintiff appears to argue that it was the official policy and custom of the Municipal Defendants, along with the assistance of Defendant Knapp, to violate Plaintiff's constitutional rights. *See id.* As evidentiary support for this position, Plaintiff references Defendant Festine's alleged refusal to address his conflict of interest with Plaintiff's husband, Christopher Burns, during the § 207(a) arbitration hearing, after receiving a letter from Plaintiff's then-attorney, Mimi Satter. *See id.* at ¶ 61. Finally, Plaintiff contends that she is entitled to recover attorney's fees pursuant to 42 U.S.C. § 1988.

In her third cause of action, Plaintiff alleges that the Municipal Defendants violated 42 U.S.C. § 1985 by engaging in a conspiracy to deny her claim of sexual harassment and her claim for disability benefits. *See id.* at ¶¶ 66-72. Specifically, Plaintiff contends that, for a two-year period, between September 2010 and September 2012, Defendant Festine, Defendant Fatata, Dr. Farago and Mr. LaLonde entered into an express (or even implied) agreement to engage in that

conspiracy. *See id.* at ¶ 66. Plaintiff also claims that the Municipal Defendants conducted a purposefully inadequate and incomplete investigation, with the singular purpose of exonerating Defendant Knapp and denying Plaintiff disability benefits. *See id.* Additionally, Plaintiff states that Defendant City of Utica condoned, through tacit approval, the activities of Defendants Festine and Fatata. *See id.* at ¶ 69.

In her fourth cause of action, Plaintiff asserts a Title VII retaliation claim. *See id.* at ¶¶ 76-82. Specifically, she contends that the Municipal Defendants took materially adverse actions against her. *See id.* at ¶¶ 76-77. Plaintiff asserts that these retaliatory attacks, including attempts to fire her, continue. Finally, Plaintiff asserts that the administrative hearings were only a pretext to give the appearance of fairness. *See id.* at ¶ 81.

In the fifth cause of action, Plaintiff's spouse, Christopher Burns, asserts a derivative claim for loss of consortium. *See id.* at ¶¶ 87-88. Finally, Plaintiff asserts two state-law claims: (1) assault and/or battery against Defendant Knapp, *see id.* at ¶¶ 90-91, and (2) a claim against all Defendants under New York Executive Law § 296, *see id.* at ¶¶ 93-94.

### III. DISCUSSION

**A.    Plaintiff's claims under New York Executive Law § 296**

Under New York Executive Law § 297(9), "a litigant who files a claim with the NYSDHR cannot bring the same claim in federal court . . . ." *Waller v. Muchnick, Golieb & Golieb, P.C.*, 523 F. App'x 55, 56 n.1 (2d Cir. 2013) (citations omitted); *see also Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995) (stating that, "'[o]nce a complainant elects the administrative forum by filing a complaint with the [NYSDHR], that becomes the sole

avenue of relief, and *subsequent judicial action on the same complaint is generally barred*'" (quotation omitted)). In such a case, "the [c]ourt lacks subject matter jurisdiction to consider [a] NYSHRL claim[] based on the same acts raised with the [NYSDHR]." *Brown v. Research Found. of SUNY*, No. 08-CV-592, 2009 WL 1504745, *10 (N.D.N.Y. May 28, 2009) (citation omitted).[3]

There is no dispute that Plaintiff filed an administrative complaint with the NYSDHR and that the NYSDHR did not dismiss the complaint. *See* Dkt. No. 16-2 at 1. Therefore, pursuant to New York Executive Law § 297(9), Plaintiff cannot bring her state-law discrimination claim under New York Executive Law in this forum. Therefore, the Court dismisses Plaintiff's state-law discrimination claim for lack of subject matter jurisdiction.

**B.     Plaintiff's Title VII claims**

*1. Motion to dismiss standard*

To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544,] 570, 127 S. Ct. 1955 [(2007)]). Thus, a plaintiff must provide "more than labels and conclusions, [and a] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

---

[3] Although not relevant here, there is an exception to this rule. The election of remedies provision does not apply when the NYSDHR has dismissed the Plaintiff's complaint because of administrative convenience, untimeliness, or annulment of the election of remedies. *See Thorpe v. Piedmont Airlines, Inc.*, 926 F. Supp. 2d 453, 461 (citation omitted).

When adjudicating such a motion, the court may consider

> "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."

*Altaire Pharm., Inc. v. Rose Stone Enters.*, No. 13-CV-4373, 2013 WL 6235862, *3 (E.D.N.Y. Dec. 3, 2013) (quotation and other citation omitted).

### *2. Liability of Defendant Knapp, Defendant Festine and Defendant Fatata in their individual capacities*

A plaintiff cannot hold individual defendants liable under Title VII. *See Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) (citing *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003)) (other citations omitted). This insulation from Title VII liability applies to Defendant Knapp and to Defendants Festine and Fatata in their individual capacities. *See Wrighten v. Glowski*, 232 F.3d 119, 119 (2d Cir. 2000) (*per curiam*) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)). Therefore, the Court grants Defendants' motions to dismiss Plaintiff's Title VII discrimination and retaliation claims insofar as Plaintiff asserts those claims against Defendants Knapp, Fatata, and Festine in their individual capacities.

### *3. Sexual harassment hostile work environment claim against Defendant City of Utica*

"[A] plaintiff may establish a violation of Title VII by proving that discrimination based

on sex has created a hostile or abusive work environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). "A hostile work environment claim requires a showing [1] that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and [2] that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997)). "As a general rule, incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Id.* (quotation omitted). Generally isolated incidents "can not meet the threshold of severity or pervasiveness, . . . [however,] it is well settled in this Circuit that even a single act can meet the threshold if, by itself, it can and does work a transformation of the plaintiff's workplace . . . ." *Id.* at 374. Finally, to determine whether a hostile work environment exists, a court considers factors such as "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

If the court finds that the plaintiff has alleged sufficient facts to establish that a hostile work environment exists, the court must then determine if there is a basis for imputing liability to the plaintiff's employer. If, as in this case, the alleged harasser is the plaintiff's co-worker, liability attaches to the employer only when the employer has "either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it." *Kotcher v. Rosa & Sullivan Appliance Ctr., Inc.*, 957 F.2d 59, 63 (2d Cir. 1992) (citation omitted). An employer who knew, "or in the exercise of reasonable care should have known," of a discriminatorily

abusive environment in the workplace has a duty to take reasonable steps to eliminate it. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 768 (1998) (citations omitted); *see also Snell v. Suffolk Cnty.*, 782 F.2d 1094, 1104 (2d Cir. 1986).

Plaintiff's hostile work environment claim is based on her assertion that Defendant Knapp sexually assaulted or attempted to rape her. Courts have held that a single incident as severe as this one can constitute a hostile work environment. *See Meritor*, 477 U.S. at 66. Therefore, the Court finds that Plaintiff has alleged sufficient facts to support a finding that a hostile work environment existed. However, because Defendant Knapp is Plaintiff's co-worker, liability will not attach to Defendant City of Utica if it can show that it exercised reasonable care to correct the sexually harassing behavior once Plaintiff notified it about the assault. *See Kotcher*, 957 F.2d at 63.

The record shows that, as soon as Plaintiff filed her complaint, Defendant City of Utica suspended Defendant Knapp. *See* Dkt. No. 14 at ¶ 18. Defendant Knapp did not return to work until Mr. Kowalski rendered an opinion regarding the disciplinary charges that Defendant City of Utica had lodged against Defendant Knapp and, upon finding that Defendant City of Utica had not proven those charges, he restored Defendant Knapp to his former position. *See* Dkt. No. 24. Therefore, based on its immediate response to correct the harassing behavior about which Plaintiff complained, the Court finds that Plaintiff cannot hold Defendant City of Utica liable for Defendant Knapp's conduct. Accordingly, the Court grants Defendant City of Utica's motion to dismiss Plaintiff's Title VII sexual harassment claim.

### *4. Plaintiff's retaliation claim against Defendant City of Utica*

To establish a *prima facie* case of retaliation under Title VII, "'an employee must show [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action.'" *Feingold v. New York*, 366 F.3d 138, 156 (2d Cir. 2004) (quoting *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 769 (2d Cir. 1998) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1308 (2d Cir. 1995)))). However, to recover on a retaliation claim, the plaintiff need not prove that her underlying complaint of discrimination had merit. *See Birkholz v. City of NY*, No. 10-CV-4719, 2012 WL 580522, *8 (E.D.N.Y. Feb. 22, 2012) (noting that "a plaintiff who has complained of discrimination may maintain a retaliation claim where the underlying claim of discrimination fails" (citation omitted)). Finally, an adverse employment action is a "'materially adverse change' in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (citation and footnote omitted).

There is no dispute that Plaintiff engaged in protected activity about which Defendant City of Utica knew, i.e., she filed a claim of discrimination with the NYSDHR and EEOC. However, Plaintiff has not alleged any facts that plausibly suggest that Defendant City of Utica took any adverse action against her. For example, Plaintiff has not alleged that there was any "materially adverse change in [her] terms and conditions of employment" after she filed her complaint. *Galabya*, 202 F.3d at 640. Furthermore, Plaintiff does not allege that Defendant City of Utica impaired her "compensation, terms, conditions, or privileges of employment." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 152 (2d Cir. 1998). In fact, Plaintiff continues to work as a firefighter for the City of Utica. Accordingly, the Court grants Defendant City of Utica's motion

to dismiss Plaintiff's Title VII retaliation claim.

**C.     Plaintiff's § 1983 claim**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by persons acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action has exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 2d 1368 (1941)) (other citations omitted). However, "[m]ere employment by a state or municipality does not automatically mean that a defendant's actions were taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 319-20, 102 S. Ct. 445, 450-51, 70 L. Ed. 2d 509 (1981)). Thus, "acts of officers in the ambit of their personal pursuits are plainly excluded" from the definition of conduct that satisfies the under color of state law requirement. *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547-48 (2d Cir. 1994)).

### *1. Individual liability of Defendant Knapp*

Plaintiff argues that Defendant Knapp violated her constitutional right to equal protection by sexually assaulting her. The dispositive question, however, is whether Defendant Knapp was

acting under color of state law when he sexually assaulted Plaintiff. Admittedly, Defendant Knapp is a municipal employee. However, to determine whether Defendant Knapp was acting under color of state law, the Court must determine whether he committed the sexual assault because he was cloaked with state authority. *See West*, 487 U.S. at 49. Clearly Defendant Knapp's conduct vis-a-vis Plaintiff was not related to his duties as a firefighter. Rather Defendant Knapp's sexual assault of Plaintiff constitutes a "personal pursuit" that has nothing to do with his official position as a firefighter. *See Monsky*, 127 F.3d at 245. For these reasons, the Court grants Defendant Knapp's motion to dismiss Plaintiff's § 1983 claim against him because Plaintiff has not alleged any facts that plausibly suggest that Defendant was acting under color of state law when he sexually assaulted her.

### *2. Individual liability of Defendants Fastine and Fatata*

As the Court has previously stated, the underlying constitutional claim that Plaintiff asserts is an equal protection violation based on sexual discrimination. Plaintiff contends that, as attorneys for Defendant City of Utica, Defendants Fatata and Festine violated her constitutional rights by manipulating the administrative process and the arbitration procedure. However, she does not allege any facts that even plausibly suggest that Defendants Fatata and Festine had investigated such claims of similarly-situated male firefighters any differently.

Furthermore, Plaintiff suggests that Defendants Fatata and Festine, as members of the Corporation Counsel for the City of Utica, rigged and subverted the process and, thus, denied her equal protection. The record belies this argument. Defendants Fatata and Festine prosecuted Defendant Knapp on Defendant City of Utica's behalf and recommended his termination. *See*

Dkt. No. 12-4 at 8. Despite their recommendation, the arbitrator did not believe that the evidence was sufficient to sustain the charges of misconduct against Defendant Knapp. *See id.* at 4-6. Therefore, he sustained Defendant Knapp's grievance and reinstated him as a firefighter for Defendant City of Utica. *See id.* at 8. Defendants Fatata and Festine cannot be faulted for the decision of the arbitrator, particularly when that decision was adverse to their recommendation. Therefore, the Court grants the Municipal Defendants' motion to dismiss Plaintiff's § 1983 claim against Defendants Fatata and Festine in their individual capacities.[4]

### 3. *Municipal liability of Defendant City of Utica*

A plaintiff may hold a municipality liable on a § 1983 claim only "'if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality.'" *Pflaum v. Town of Stuyvesant*, No. 1:11-CV-0335, 2014 WL 295759, *6 (N.D.N.Y. Jan. 27, 2014) (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). If the municipality has no such custom or policy, the plaintiff may not hold that municipality liable for the actions of its employees under a theory of *respondeat superior*. *See id.* (citation omitted). Therefore, "isolated acts of municipal employees are typically not sufficient to establish municipal liability." *Id.*

Plaintiff has not alleged any facts that plausibly suggest that Defendant City of Utica had a formal policy that condoned sexual assault and/or harassment of its employees. Furthermore,

---

[4] Since the Court finds that Defendants Fatata and Festine did not violate Plaintiff's constitutional rights, there is no need for the Court to address their argument that they are entitled to qualified immunity.

Plaintiff does not allege that, in their capacities as Corporation Counsel and Assistant Corporation counsel, Defendants Fatata and Festine had final policymaking authority with respect to human resource matters or that they implemented any policy or made any decisions that led to Defendant Knapp's sexual assault of Plaintiff. In addition, Plaintiff does not allege any facts that plausibly suggest that Defendant Knapp's sexual assault of Plaintiff was anything other than an isolated incident, rather than one of many such incidents that would suggest that such conduct was persistent or condoned. Finally, Plaintiff does not allege any facts that plausibly suggest that Defendant City of Utica failed to train or supervise its employees regarding the issue of sexual harassment. Therefore, the Court grants Defendant City of Utica's motion to dismiss Plaintiff's § 1983 claim.

### D.     Plaintiff's § 1985 claim

> [T]o state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . ., (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in [her] person or property or deprived of any right or privilege of a citizen of the United States.

*Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 790 (2d Cir. 2007) (citing *Britt v. Garcia*, 457 F.3d 264, 270 n.4 (2d Cir. 2006)).

However, "[e]mployees of a single corporate entity are legally incapable of conspiring together under the intracorporate conspiracy doctrine." *Lee v. City of Syracuse*, 603 F. Supp. 2d 417, 442 (N.D.N.Y. 2009) (citation omitted). "This doctrine applies to public entities and their employees." *Id.* (citing *Nassau County Employee "L" v. County of Nassau*, 345 F. Supp. 2d 293,

304 (E.D.N.Y. 2004)).[5]

In this case, all Defendants against whom Plaintiff asserts her § 1985(3) claim are employees of the City of Utica. Therefore, the intracorporate conspiracy doctrine precludes Plaintiff from maintaining her § 1985(3) conspiracy claim against them. *See Lee*, 603 F. Supp. 2d at 442. Accordingly, the Court grants Defendants' motions to dismiss Plaintiff's § 1985(3) conspiracy claim.

**E.     Plaintiff's assault and battery claim against Defendant Knapp**

Pursuant to § 215(3) of New York Civil Practice Law and Rules, a plaintiff must commence an action to recover damages for assault and battery within one year of the incident. *See* N.Y. C.P.L.R. § 215(3). However, a plaintiff may invoke the doctrines of equitable tolling or equitable estoppel "'to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D.3d 793, 794, 793 N.Y.S.2d 565 (N.Y. App. Div. 2005)) (other citation omitted). To support her reliance on these doctrines, a plaintiff "must either plausibly allege 'that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim or injury or that the wrong itself was of such a nature to be self-concealing.'" *Singh v. Wells*, 445 F. App'x 373, 378 (2d Cir. 2011) (quoting *State of New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1083 (2d Cir. 1988), *cert. denied*, 488 U.S. 848, 109 S. Ct. 128, 102 L. Ed. 2d 101 (1988)).

---

[5] Even if the intracorporate conspiracy doctrine did not apply, Plaintiff's claim would still fail because she has not alleged any facts that plausibly suggest that Defendants engaged in any conspiracy to violate her right to the equal protection of the laws.

The incident in question occurred in the spring of 2010; however, Plaintiff did not commence this action until November 27, 2012. Plaintiff has not alleged that Defendant Knapp did anything to prevent her from filing this action within the one-year statute of limitations period. Therefore, the Court grants Defendant Knapp's motion to dismiss Plaintiff's assault and battery claim against him as time-barred.

### F. Loss of consortium claim

The court must dismiss a derivative claim for loss of consortium if the underlying cause of action fails. *See Hogan v. Cnty. of Lewis*, No. 7:11-CV-0754, 2014 WL 118964, *3 (N.D.N.Y. Jan. 10, 2014) (citation omitted). Since the Court has granted Defendants' motions regarding all of Plaintiff's underlying claims, the Court grants Defendants' motions to dismiss Plaintiff Christopher Barnes' loss of consortium claim.

## IV. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's claims against Defendants under New York Human Rights Law, N.Y. Exec. Law § 296, are **DISMISSED** for lack of subject matter jurisdiction; and the Court

**ORDERS** that Defendant Knapp's motion to dismiss Plaintiffs' claims against him is **GRANTED** in its entirety; and the Court further

**ORDERS** that Defendants City of Utica, Fatata, and Festine's motion to dismiss Plaintiffs' claims against them is **GRANTED** in its entirety; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: February 20, 2014
       Syracuse, New York

                                                  Frederick J. Scullin, Jr.
                                                  Senior United States District Court Judge